■ In the Matter of CHARLES E. MORRIS, Respondent, v ALBERT T. HAYDUK et al., Constituting the Board of Elections of Westchester County, et al., Appellants, and JAMES P. CANNON, Respondent.—In a proceeding, *inter alia,* to validate the petition designating the petitioner as a candidate in the Conservative Party primary election to be held on September 12, 1978, for the public office of Member of the Assembly from the 93rd Assembly District, the appeal is from a judgment of the Supreme Court, Westchester County, entered August 17, 1978, which (1) granted the application and (2) directed the Board of Elections to place petitioner's name upon the appropriate ballot. Judgment reversed, on the law, without costs or disbursements and application is denied (see *Matter of Vari v Hayduk,* 42 NY2d 980; *Matter of Rutter v Coveney,* 38 NY2d 993; see, also, *Matter of Neuberger v Anderson,* 64 AD2d 933). Mollen, P. J., Hopkins, Damiani, Shapiro and O'Connor, JJ., concur.

■ In the Matter of ROBERT MRAZEK, Appellant, v FRANK COVENEY et al., Constituting the Board of Elections of the County of Suffolk, et al., Respondents.—In a proceeding, *inter alia,* to invalidate the petition designating James J. Lack as a candidate in the Conservative Party primary election to be held on September 12, 1978 for the public office of State Senator from the 2nd Senatorial District, Suffolk County, the appeal is from a judgment of the Supreme Court, Suffolk County, dated August 18, 1978 which dismissed the proceeding. Judgment affirmed, without costs or disbursements (see *Matter of Kessel v Dodd,* 35 NY2d 722). Mollen, P. J., Hopkins, Damiani, Shapiro and O'Connor, JJ., concur.

■ In the Matter of MAX J. NEUBERGER, Respondent, v J. EVERETT ANDERSON et al., Appellants. In the Matter of J. EVERETT ANDERSON, Appellant, v MAX J. NEUBERGER et al., Respondents.—In consolidated proceedings to (1) invalidate the petition designating J. Everett Anderson as a candidate in the Democratic Party primary election to be held on September 12, 1978 for the public office of Representative to the United States Congress from the 2nd Congressional District, and (2) to validate said petition, the appeal is from a judgment of the Supreme Court, Suffolk County, dated August 17, 1978, which, after a hearing, (1) dismissed the proceeding to validate the petition and (2) granted the petition to invalidate the said petition. Judgment affirmed, without costs or disbursements. Where the uncontroverted proof establishes, as is the case here, that the specifications of the grounds of the objections were in fact timely mailed, sections 6-154 and 1-106 of the Election Law are satisfied. As Special Term also found, the failure of the subscribing witness to list his Assembly District (Election Law, § 6-132, subd 2) renders the designating petition invalid under the authority of *Matter of Rutter v Coveney* (38 NY2d 993). The rule of that case was not changed by the amendment to subdivision 1 of section 6-132 of the Election Law (L 1978, ch 373, § 57). Mollen, P. J., Hopkins, Damiani, Shapiro and O'Connor, JJ., concur.